IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TWITTER, INC., a Delaware corporation, | § | |
| | § | |
| Defendant Below- | § | No. 684, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| 1 OAK PRIVATE EQUITY VENTURE | § | Court Below—Superior Court |
| CAPITAL LIMITED, a Cayman Islands | § | of the State of Delaware |
| exempt limited company for itself and as | § | |
| manager for and on behalf of BLUEBIRD | § | C.A. No. N14C-10-186 |
| ACCESS 1 LP, a Cayman Islands exempt | § | |
| limited partnership, in their own rights and | § | |
| as successors-in-interest to 1 Oak Group | § | |
| Limited, a Cayman Islands exempt limited | § | |
| company, 1 Oak Financial Group Limited, | § | |
| a Cayman Islands exempt limited | § | |
| company, and 1 OAK New Digital Age | § | |
| (NDA) TOP Fund, a segregated portfolio | § | |
| of JP SPC5, a Cayman Islands segregated | § | |
| portfolio company, | § | |
| | § | |
| Plaintiffs Below- | § | |
| Appellees. | § | |
| | § | |

Submitted: December 21, 2015
Decided: January 5, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 5th day of January, 2016, it appears to the Court that:

(1) The defendant-appellant, Twitter, Inc., has petitioned this Court under

Supreme Court Rule 42 to accept an appeal from an interlocutory opinion of the

Superior Court dated November 20, 2015 ("the Opinion"). The Opinion denied Twitter's motion to dismiss the plaintiffs-appellees' complaint for failure to state a claim under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure or, alternatively, for *forum non conveniens*. The Opinion determined that the plaintiffs had pled sufficient facts to survive dismissal of their claims. The Opinion also concluded that the complaint should not be dismissed for *forum non conveniens* because Twitter's incorporation in Delaware had a rational connection to the cause of action, which arose from two separate alleged contracts between the parties. The Opinion held that it was reasonably conceivable that Twitter had voluntarily entered into one of the contracts at the heart of the plaintiffs' complaint, and that contract contained a Delaware forum selection clause and choice of law provision.

(2) Twitter filed its application for certification to take an interlocutory appeal in the Superior Court on November 30, 2015. The plaintiffs filed their response on December 10, 2015. On December 17, 2015, the Superior Court denied the certification application. Applying the standards for certification set forth in Rule 42, the Superior Court concluded that, while the Opinion decided a substantial issue of material importance, interlocutory review would not serve considerations of justice because the Opinion applied well-settled principles of Delaware law and did not raise a novel or exceptional issue that warranted

2

disrupting the normal process of litigation. In short, the trial court found that the benefits of interlocutory review did not outweigh the probable costs.[1]

(3)     Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, the Court has concluded that the application for interlocutory review should be refused. We agree with the Superior Court that the likely benefits of interlocutory review do not outweigh the probable costs in this case, such that interlocutory review is in the interests of justice.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] Del. Supr. Ct. R. 42(b) (2015).